UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM ANTHONY RYAN III,

        Petitioner,

vs.

        Case No. 05-CV-72481
        HON. GEORGE CARAM STEEH

MILLICENT WARREN,

        Respondent.
_____/

ORDER ACCEPTING MAGISTRATE'S REPORT AND RECOMMENDATION (#28),
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS,
AND DENYING CERTIFICATE OF APPEALABILITY

William Anthony Ryan, appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court jury convictions for possession of a firearm during the commission of a felony, M.C.L. § 750.227b, discharge of a firearm into a building, M.C.L. § 750.234(b)(1), felon in possession of a firearm, M.C.L. § 750.224f, and carrying a firearm with unlawful intent, M.C.L. § 750.226. Ryan was acquitted of a charge of assault with intent to murder. M.C.L. § 750.83. Ryan was sentenced as a fourth habitual offender to two years on the felon in possession of a firearm during the commission of a felony conviction, 8 to 15 years on the discharge of a firearm into a building conviction, and 15-30 years for the remaining convictions. On referral from this court, Magistrate Judge Paul J. Komives issued a 21-page June 20, 2006 Report and Recommendation recommending that the petition be denied. Ryan was granted an extension of time to file objections, and filed a timely objection on July 21, 2006.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also Fed. R. Civ. P. 72(b). "A judge of the court may

accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

Ryan begins by asserting that his state trial was a credibility contest involving complaining witness Larry Cade, who testified that near midnight on December 22, 1998, he was at home when someone knocked on the door and identified himself as "Corkie," the only name Cade knew for Ryan. Cade testified that he responded to the knock by stating that he was going to bed, and thereafter he heard his door being kicked in. Cade testified that, as he looked out a window, he saw Ryan standing on the porch amongst two other men, holding a handgun. Cade testified that Ryan fired a shot through a window, and as Cade ran upstairs, more shots were fired and he was struck in the neck by a bullet. Cade then watched the three men run from the home. Cade testified he next saw Ryan and another man at a store five months later in May 1999, and that he shook Ryan's hand in fear that the two men might be armed. Petitioner Ryan testified at trial, and denied being at Cade's home when the shooting occurred, denied shooting a handgun at the house, and denied any motive for the shooting. Ryan testified that he asked Cade at their store encounter in May 1999 why Cade had told others that he, Ryan, was the shooter, and Cade responded that he had been told Ryan was the shooter and would now clear Ryan's name. At trial, Cade denied this conversation.

Ryan specifically objects that, in light of this credibility contest, the prosecutor's arguments to the jury regarding motive and supporting evidence were highly prejudicial in the absence of an objection by his trial counsel. Ryan asserts that the Michigan Court of Appeals itself determined that two clear errors had occurred during his trial. Ryan objects that the cumulative effect of these errors deprived him of due process of law in leading to a jury verdict that is inconsistent with the principles of liberty and justice, leaving "grave

doubt" as to whether the errors constituted only harmless error.

The Michigan Court of Appeals reasoned that two errors occurred at trial when: (1) the prosecutor commented in rebuttal to defense counsel's closing argument of lack of motive that Ryan "is a man who has stolen before, broken into a home before to steal things that he wants . . . and has reason to be on [Cade's] porch by his own testimony," and; (2) the trial court permitted the prosecution to cross examine witness Kaprice Brown[1] about an unrelated incident during which Brown was armed. People v. Ryan, No. 225808, 2002 WL 206505, *1-*2 (Mich. Ct. App. Jan. 25, 2002) (unpublished). The Michigan Court of Appeals applied a "plain error" standard in the absence of an objection, finding under state law that: (1) the prosecutor's error in rebuttal did not require reversal because it was directed to defense counsel's closing argument that there was "absolutely no reason for [Ryan] to shoot [Cade]"; (2) it was highly probable that Brown's solicited testimony did not contribute to the verdict, and; (3) other substantial evidence in the case clearly established that Ryan was the shooter. Id.

> On collateral review, an error is deemed harmless unless it "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); see also Gilliam v. Mitchell, 179 F.3d 990, 994-95 (6th Cir.1999) (endorsing the Brecht harmless error standard in confrontation clause cases). If, however, "the matter is so evenly balanced" that this Court has "grave doubt" as to the harmlessness of the error, it "should treat the error, not as if it were harmless, but as if it affected the verdict (i.e., as if it had a 'substantial and injurious effect or influence in determining the jury's verdict')." O'Neal v. McAninch, 513 U.S. 432, 435, 115 S.Ct. 992, 130 L.Ed.2d 947 (1994).
>
> In determining whether the trial court's error was harmless, this Court examines the factors articulated in Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986):(1) "the importance of the

---

[1] Brown had corroborated Ryan's testimony that Ryan's May 1999 encounter with Cade had been congenial.

> witness' testimony in the prosecution's case," (2) "whether the testimony was cumulative," (3) "the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points," (4) "the extent of crossexamination otherwise permitted," and (5) "the overall strength of the prosecution's case." Id. at 684, 106 S.Ct. 1431.

Stapleton v. Wolfe, 288 F.3d 863, 867-68 (6th Cir. 2002).

On de novo review, this court finds that the two errors recognized by the Michigan Court of Appeals were harmless errors, both singularly and cumulatively, as they did not have a substantial and cumulative effect on the jury's verdict. In his objection, Ryan does not attempt to explain how the cumulative effect of the prosecution's rebuttal argument and the attempted impeachment of Brown's testimony had a substantial and injurious effect on the jury verdict, but instead simply asserts that "grave doubt" remains. Indeed, Ryan does not raise a specific objection to Magistrate Judge Komives' reasoning that the errors were harmless because the only issue at trial was whether Cade had honestly and accurately identified Ryan as the shooter; there was no dispute that a shooting occurred at Cade's home around midnight on December 22, 1998, where evidence technicians found spent shell casings on the front porch and observed bullet holes in the front door, although no bullet holes in any windows. It is also not disputed that Cade received a bullet wound to the neck on December 22, 1998. Brown was not an eyewitness to the shooting, and was used by defense counsel in an attempt to impeach Cade's overall credibility as to his eyewitness identification of Ryan as the shooter. Brown's testimony was of little value in rebutting the prosecution's case, which included the physical evidence of the shooting and Cade's eyewitness identification of Ryan. Also, Brown's testimony about the May 1998 encounter between Cade and Ryan was cumulative. Ryan does not point to any record evidence indicating that defense counsel was precluded from rehabilitating Brown's testimony. As to the prosecution's rebuttal argument regarding motive, Ryan does not

4

dispute that there was trial testimony that he asked Cade about money as Ryan allegedly banged on the door. Ryan's conclusionary objection is not well taken. Accordingly,

IT IS ORDERED that Magistrate Judge Paul Komives' June 20, 2006 Report and Recommendation is hereby ACCEPTED as the findings and conclusions of this court, as augmented by the above analysis. William Anthony Ryan's objection is OVERRULED, and his petition for a writ of habeas corpus is hereby DISMISSED.

Before petitioner can appeal this court's decision, a certificate of appealability must issue. 28 U.S.C. §2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Petitioner has made no such showing. Accordingly, a CERTIFICATE OF APPEALABILITY is hereby DENIED.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: July 26, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 26, 2006, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk